IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GEORGE AYDELOTTE,                                           PETITIONER

v.                                            No. 2:10CV17-M-A

JIM HOOD, ET AL.                                         RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition for George Aydelotte for a writ of *habeas corpus* under 28 U.S.C. § 2254. The respondents have moved to dismiss the petition as moot, and Aydelotte has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed as moot.

**Facts and Procedural Posture**

George Aydelotte is currently in the custody of the Arkansas Department of Corrections serving an aggregate sentence of twenty years on convictions from Conway County, Arkansas. He was transported to Mississippi from Arkansas in 2009 to face a pending indictment in Tunica County Circuit Court Cause No. 2002-0097 for one count of theft of anhydrous ammonia and one count of conspiracy. Aydelotte attaches to his petition a Sentencing Order bearing a "filed" stamp date of September 23, 2009, indicating that the Tunica County Circuit Court accepted Aydelotte's plea to both counts and sentenced him to time served with four years post-release supervision.

Aydelotte challenges a detainer lodged against him by the Tunica County Sheriff's Office related to his charges in that county which he claims prevents him from participating in certain

programs within the Arkansas Department of Corrections. Aydelotte also alleges that his right to speedy trial and right to due process were violated based on the delay between indictment and his plea to the charges of theft of anhydrous ammonia and conspiracy in Tunica County, Mississippi. Aydelotte's sole request in his prayer for relief is that the Tunica County detainer be removed from his file.

## Petition Is Now Moot

On the request of the Tunica County Sheriff's Department, the detainer in question was removed from Aydelotte's file in Arkansas on April 5, 2010. As such, Aydelotte has been afforded the sole relief he requested in the instant petition – removal of the detainer from his file. Thus, his petition for a writ of *habeas corpus* will be dismissed as moot.

## Other Claims Not Exhausted

Aydelotte has not presented to the Mississippi Supreme Court his claims regarding speedy trial and due process. The challenge to his plea and sentence on the Mississippi charges is not properly before this court at this time. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Only after the Mississippi Supreme Court has been provided with a fair opportunity to pass upon petitioner's claims in a procedurally proper manner can petitioner be said to have satisfied the exhaustion requirement.

This failure to exhaust available state court remedies requires dismissal of the instant federal *habeas corpus* petition. 28 U.S.C. §2254(b)(1) and (c).

### Federal Habeas Corpus Exhaustion Deadline Approaching

Aydelotte has three years from the date he was sentenced on his plea pursuant to Miss. Code Ann. § 99-39-1, *et seq.* to pursue a collateral challenge – in *state* court – to his plea and sentence discussed above. As such, should Aydelotte intend to challenge his plea and sentence, as opposed to merely seeking removal of the detainer as discussed above, he has ample time within which to file for relief in state court, thereby tolling the federal statute of limitations period, and thereafter file a new federal habeas petition raising the issues which he has properly exhausted in state court. Despite the three-year deadline for filing a *state* post-conviction case, the one-year limitations period set forth in 28 U.S.C. § 2244(d) for filing a *federal habeas corpus* petition has already begun to run – and will continue to run absent any statutory or equitable tolling. If Aydelotte wishes to seek federal *habeas corpus* relief regarding his plea and sentence in Tunica County, Mississippi, then he must do so before the one-year federal *habeas corpus* deadline expires.

In sum, the state's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 28th day of May, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**